

FILED
VANESSA L. ARMSTRONG

SEP 03 2020

U.S. DISTRICT COURT
WEST'N. DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                        PLAINTIFF

vs.                                    CRIMINAL ACTION NO. 3:20CR48-DJH

JIMMY KWIZERA                                                  DEFENDANT

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (C), the United States of America, by

Russell M. Coleman, United States Attorney for the Western District of Kentucky, and

defendant, Jimmy Kwizera, and his attorney, Aaron Dyke, have agreed upon the following:

1.      Defendant acknowledges that he has been charged in the Indictment in this case

with violations of 18 U.S.C. §§ 1470 and 2422(b).  Defendant further acknowledges that the

Indictment in this case seeks forfeiture, pursuant to 18 U.S.C. §§ 1467 and 2428, all of the right, title,

and interests in any property, real or personal, used or intended to be used to commit or to promote the

commission of such offenses.

2.      Defendant has read the charges against him contained in the Indictment, and the

charges have been fully explained to him by his attorney.  Defendant fully understands the nature

and elements of the crimes with which he has been charged.

3.      Defendant will enter a voluntary plea of guilty to Count 2 of the Indictment.  The

parties agree to the following factual basis for this plea:

While authorized by the Kentucky Attorney General to conduct undercover
investigations on the Internet, a detective with the Department of Criminal Investigations
conducted such an in August 2019.  The detective had previously created an undercover

account on the KiK[1] messenger application installed on his law enforcement issued cellular phone. Based on the detective's training and experience he was aware that the KiK application is sometimes used by persons seeking to exploit children over the Internet. And, that in some cases, persons use KiK to facilitate meeting with minors for sexual contact.

During the investigation, the detective portrayed himself as a 15-year-old girl in the Elizabethtown, Kentucky, area. On August 29, 2018, the detective was contacted over KiK by an unknown subject with the unique username: *diabloeric*. A conversation then developed over KiK that was made sexual by the subject. The subject requested to meet in person for the two of them to engage in sex acts and sent a picture of his naked, erect penis to the detective's UC persona. The messages occurred over the Internet and Telecom systems of the Commonwealth of Kentucky. The communications were received on Affiant's law enforcement issued cell phone and were preserved on the phone.

The two agreed to meet at a specific location in Elizabethtown. When Kwizera showed up at the agreed-upon location, law enforcement officials arrested him. In a post-*Miranda* interview, Kwizera a admitted that he was the person who had communicated with the 15-year-old through the Kik application. He admitted using his phone to engage in the communications. Kwizera believed the person with whom he was communicating and sent the image of his penis was 15.

4.      Defendant understands that the charge to which he will plead guilty carries a maximum term of 10 years in prison, a maximum fine of $250,000.00, and three years' supervised release. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583.

5.      Defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose him to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are

---

[1] KiK is a free social media application that uses a cellular telephone's wireless Internet connection to transmit and receive messages (including texts, photos, videos, and other content). It is known for the anonymity provided to its users.

handled in separate proceedings, Defendant understands that no one, including his attorney or the United States District Court, can predict with certainty how his conviction may affect his immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6.      Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that he will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7.      Defendant understands that by pleading guilty, he surrenders certain rights set forth below. Defendant's attorney has explained those rights to him and the consequences of his waiver of those rights, including the following:

    A.      If defendant persists in a plea of not guilty to the charges against him, he has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict him unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

    B.      At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and his attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in his own behalf. If the witnesses for defendant would not appear voluntarily, he could require their attendance through the subpoena power of the Court.

    C.      At a trial, defendant would have a privilege against self-incrimination and he could decline to testify, without any inference of guilt being drawn from his refusal to testify. If defendant desired to do so, he could testify in his own behalf.

8.      Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to

the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing.  Defendant admits all acts and essential elements of the indictment count to which he pleads guilty.

9.      Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $100.00 to the United States District Court Clerk's Office by the date of sentencing.

10.     Due to the undercover nature of the investigation, restitution is not an issue.  The defendant understands that he may be responsible for a fine, costs of prosecution, costs of incarceration and supervision which may be required.  All financial matters will be left for resolution at the time of sentencing.

11.     At the time of sentencing, the parties will agree that a sentence of 60 months' imprisonment is the appropriate disposition of the case.

12.     At the time of sentencing, the United States will

-move to dismiss Count 1 of the Indictment; and

-recommend a fine at the lowest end of the applicable Guideline
Range, to be due and payable on the date of sentencing, based
upon a determination of the defendant's ability to pay as set out in
the Presentence Investigation Report. [2]

13.     Defendant is aware of his right to appeal his conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed.  Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal his conviction and the resulting sentence

---

[2] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack his conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise.

14.     The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act (42 U.S.C. §§ 901 et. seq), the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the defendant is a student, the location of the defendant's school.  Registration will require that the defendant provide Information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student.  The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status.  The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

15.     Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed.  The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

16.     Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

17.     The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation

any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the

Privacy Act of 1974, 5 U.S.C. § 552a.

18.     Defendant agrees to interpose no objection to the United States transferring

evidence or providing information concerning defendant and this offense, to other state and

federal agencies or other organizations, including, but not limited to the Internal Revenue

Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry

of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the

Internal Revenue Service of defendant's documents, or documents of third persons, in possession

of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the

Internal Revenue Service

19.     If the Court refuses to accept this agreement, dismiss Count 1, and impose

sentence in accordance with its terms, pursuant to Fed. R. Crim. P. 11(c)(1)(A) and (C), this

Agreement will become null and void and neither party shall be bound thereto.  The defendant

will be allowed to withdraw the plea of guilty.  The United States may pursue any and all

charges supported by the facts and the law.  And, upon conviction pursue imposition of any

sentence supported by the facts and the law.

20.     Defendant agrees to forfeit and abandon any right to any and all evidence and

property seized during the course of this investigation (including but not limited to any item

subject to forfeiture, specifically, an Apple iPhone and Apple iWatch), and waives any right to

seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise.  Defendant

understands and agrees that items seized during the course of this investigation will be destroyed

or otherwise disposed of by the seizing law enforcement agency.

21.     Defendant agrees that the disposition provided for within this Agreement is fair,

taking into account all aggravating and mitigating factors.  Defendant states that he has informed

the United States Attorney's Office and the Probation Officer, either directly or through his

attorney, of all mitigating factors.  Defendant will not oppose imposition of a sentence

incorporating the disposition provided for within this Agreement, nor argue for any other

sentence.

22.     This document and the supplemental plea agreement state the complete and only

Plea Agreements between the United States Attorney for the Western District of Kentucky and

defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior

understandings, if any, whether written or oral, and cannot be modified other than in writing that

are signed by all parties or on the record in Court.  No other promises or inducements have been

or will be made to defendant in connection with this case, nor have any predictions or threats

been made in connection with this plea.

AGREED:

RUSSELL M. COLEMAN
United States Attorney

By:

_____          _9/3/2020_____
Jo H. Lawless                                                          Date
Assistant United States Attorney


        I have read this Agreement and carefully reviewed every part of it with my attorney.  I
fully understand it and I voluntarily agree to it.

_____          _9/3/2020_____
Jimmy Kwizera                                                     Date
Defendant


7

I am the defendant's counsel.  I have carefully reviewed every part of this Agreement with the defendant.  To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____                    9/3/20
Aaron Dyke                                           Date  _____
Counsel for Defendant


RMC:JEL:20200824

8